BARYENBRUCH, Sheriff, Plaintiff in error, vs. STATE EX REL. ADAMS, Defendant in error.

*September 16—November 29, 1949.*

For the plaintiff in error there was a brief by the *Attorney General, William A. Platz,* assistant attorney general, and *Fred G. Dicke,* district attorney of Manitowoc county, and oral argument by *Mr. Platz* and *Mr. Dicke.*

For the defendant in error there was a brief by *Bassuener, Humke, Poole & Axel* of Sheboygan, and oral argument by *H. S. Humke.*

ROSENBERRY, C. J. Since *State ex rel. Durner v. Huegin* (1901), 110 Wis. 189, 85 N. W. 1046, the law has been settled with respect to the duty of an examining magistrate where persons are brought before him for preliminary examination. The rule is briefly stated in *State v. Whatley* (1933), 210 Wis. 157, 164, 245 N. W. 93, as follows:

"However, in the earlier stages of a criminal proceeding, as at the preliminary examination and the review of the committing magistrate's decision, the test is not whether guilt in those respects has been established beyond a reasonable doubt, but merely whether the evidence, worthy of consideration in any aspect for the judicial mind to act upon, rendered the charge against the prisoner within reasonable probabilities."

The evidence before the examining magistrate, so far as it is material, is as follows:

On March 4, 1949, the deceased Violet Johnson, who lived at Marinette, and her sister-in-law Mrs. Perhusky went to Manitowoc to the home of one Louis Adams and the relator, his wife Emma Adams. When they arrived at the Adams home the relator invited them into the living room. After the women were seated the relator went into the kitchen. Shortly thereafter Mr. Adams, sometimes called Doctor Adams, greeted the women, then went to the kitchen from which he returned shortly. The two women remained in the living room for about a half hour after which Mr. Adams and Mrs. Johnson went into the room off the dining room opposite the kitchen where they remained about a half hour. Mrs. Perhusky testified that she heard Mr. Adams ask the relator to bring him a white pan, but there is no evidence that she complied with this request. After Mr. Adams and Mrs. Johnson returned to the living room Mrs. Johnson asked him how much it was and he said $160. She paid him and he gave the money to Mrs. Adams, saying "You take the money." Mr. and Mrs. Adams then drove the two women in the Adams automobile to the station.

There was also evidence to the effect that when Mr. Adams returned from the kitchen he said that Mrs. Adams was getting things ready. However, that was not in the presence of Mrs. Adams nor is there anything to show what, if anything, she was getting ready. Mrs. Perhusky testified substantially as follows:

Mr. Adams came from the kitchen the first time. After he talked to us a little while he went into the kitchen and was there a few minutes. I didn't pay any attention to whether he went in again. I saw Mrs. Adams come out when she came to talk to me. At that time Mr. Adams and Violet Johnson were in the other room off the dining room. I never saw Mrs. Adams go into that room. I was in a position that I could have seen her go into that room. I never saw her hand him any instruments or pans or anything.

In the brief of plaintiff in error there is much extraneous matter to be found,—conversation on the train between Mrs. Johnson and Mrs. Perhusky while on the way back to Marinette, circumstances attending the death of Mrs. Johnson, and other matters not material upon the preliminary examination of the relator.

It is considered that the trial court correctly held that there was not sufficient evidence before the examining magistrate to warrant him in holding the relator for trial.

*By the Court.*—The judgment appealed from is affirmed.